# UNITED STATES DISTRICT COURT
**Northeastern Division–District of North Dakota**

(Local Form 12/05 lrh)

## ORDER OF DETENTION PENDING TRIAL

**United States of America vs. Stacy Feather, Jr. Case No. 2:07-cr-88 and 2:07-cr-89-01**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of defendant pending trial in this case.

### PART I–FINDINGS OF FACT

☐ **Alternative A** – Both of the following facts are present:
- ☐ (1) There is probable cause to believe that defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq.
  - ☐ under 18 U.S.C. § 924(c), § 956(a), or § 2332b.
- ☐ (2) Defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community.

X **Alternative B** – One or both of the following facts are present:
- X (1) There is a serious risk that defendant will not appear.
- X (2) There is a serious risk that defendant will endanger the safety of another person or the community.

☐ **Alternative C** – One of the following facts is present:
- ☐ (1) Defendant does not contest detention at this time.
- ☐ (2) Defendant is ineligible for release at this time.

### PART II–WRITTEN STATEMENT OF REASONS FOR DETENTION

Although Stacy Feather is a lifelong resident of the Spirit Lake community, and has strong family ties there, Mr. Feather does not have a permanent residence at this time.  Other family members are also charged in 2:07-cr-89, and they are prohibited from having any contact with Mr. Feather.  Mr. Feather is not currently employed, and has little employment history.  Mr. Feather has been arrested by tribal authorities many times over the past several years, most often for public intoxication.  The government presented evidence that the alleged victim in 2:07-cr-88 had expressed fear of Mr. Feather.  The government presented evidence of the alleged offense, and that evidence is of considerable weight.  There are similarities between the alleged offense and a prior juvenile offense.  When Mr. Feather was under supervision for the juvenile offense, his supervision was revoked.  This Court concludes there is no condition or combination of conditions which would reasonably assure Mr. Feather's appearance at future proceedings, and which would reasonably assure the safety of the community.

### PART III—DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 12th day of October, 2007.

/s/ *Alice R. Senechal*
Alice R. Senechal, U.S. Magistrate Judge